# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **L.L.-1, L.L.-2, and L.L.-3**

**No. 17-0693** (Kanawha County 17-JA-41, 17-JA-42, & 17-JA-43)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.L., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's July 3, 2017, order terminating his parental rights to L.L.-1, L.L.-2, and L.L.-3.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher C. McClung, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him post-termination visitation with the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2017, the DHHR filed an abuse and neglect petition that alleged petitioner was charged with one count of fleeing from an officer and two counts of child neglect creating a risk of injury. These charges stemmed from an incident in which petitioner fled from a police officer at a high rate of speed with two of the children in the vehicle. The petition further alleged that petitioner attempted to strike an officer with the vehicle and that the officer likely would have fired into the vehicle, had he not noticed the children. Additionally, the petition raised allegations of chronic domestic violence in the home and failure to provide the children with appropriate medical care.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children all share the same initials, we will refer to them as L.L.-1, L.L.-2, and L.L.-3 throughout this memorandum decision.

[2]In his notice of appeal, petitioner raised another assignment of error regarding the circuit court's dispositional alternative as it related to the children's placement with a relative. However, in his brief on appeal, petitioner asserts that, due to a change in the children's permanent placement, he is withdrawing this second assignment of error as moot.

In March of 2017, the circuit court adjudicated petitioner of abusing and neglecting the children. In May of 2017, the circuit court held a dispositional hearing, during which petitioner indicated that he pled guilty to one of the charges from the incident giving rise to the abuse and neglect proceedings, although he had yet to be sentenced. Petitioner also indicated that his probation for two prior convictions of breaking and entering was revoked based upon his recent criminal conduct. This resulted in the imposition of consecutive sentences of one to ten years of incarceration for petitioner. Further, petitioner admitted to his failure to participate in certain services designed to remedy the conditions of abuse and neglect in the home, and confirmed that he relapsed with regard to his substance abuse. The circuit court heard additional evidence concerning petitioner's earlier arrest, including the fact that the children in the car with petitioner were between the ages of six months and three years old at that time, and neither was properly restrained. It was further established that petitioner was under the influence of drugs at the time of the incident and that drugs were found in the vehicle. Ultimately, the circuit court terminated petitioner's parental rights and denied him post-termination visitation with the children.[3] It is from the dispositional order that petitioner appeals.[4]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

According to petitioner, the circuit court erred in denying him post-termination visitation with the children because at least two of the children are old enough to remember him and have formed a relationship with him. He further argues that there was no evidence he abused the children or that continued contact with him would be detrimental to the children's wellbeing. We

---

[3]The parents' parental rights to the children were terminated below. According to the DHHR, the children are placed in a foster home with a permanency plan of adoption therein.

[4]On appeal, petitioner does not raise an assignment of error challenging the circuit court's termination of his parental rights.

do not agree. Contrary to petitioner's argument on appeal, the circuit court specifically found that petitioner abused the children by his actions during his arrest, the domestic violence in the home, and his substance abuse. In fact, the circuit court found that "there were horribly egregious activities going on in the presence of these children; that the use of drugs and operating a vehicle with children unsecured and running from police is terribly aggravating circumstances . . . ." Moreover, contrary to petitioner's argument that the children's ages support continued contact with him, the circuit court denied post-termination visitation, in part, upon "the tender age of these children," none of whom were older than three years old. Based upon these factors, the circuit found that post-termination visitation was not in the children's best interests.

In discussing post-termination visitation, we have held as follows:

"When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). We find that petitioner's argument that the children's ages dictated continued visitation is without merit, as the children are not of sufficient maturity to express any meaningful request concerning this issue, regardless of the fact that petitioner alleges they will remember him. This is simply irrelevant, given that the evidence established that continued contact with petitioner would not be in the children's best interests, especially in light of his egregious conduct below. As such, we find that the circuit court's denial of post-termination visitation was not error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 3, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker